## STATE v. MORGAN.

The Clerk of the District Court tendered his resignation to the Judge of the District, who, thereupon, appointed a clerk *for the remainder of the unexpired term of the clerk who had resigned: Held* that the resignation was properly tendered to the Judge, who is empowered, by Art. 79 of the Constitution, to fill any vacancy that may occur subsequent to an election, and the person so appointed holds his office until the next general election.

It is not requisite that the person so appointed by the Judge shoud be commissioned by the Governor.

APPEAL from the District Court of Rapides, *O. N. Ogden*, J. *Hyman & Cazabat*, for appellant.

COLE, J. The defendant was indicted at the November term, 1856, of the District Court, for buying and receiving from a slave, one bag of corn, on 11th November, 1856, without the owner's consent.

He was found guilty and sentenced, and has appealed.

There is a bill of exceptions, in reference to the organisation of the court, and qualification of the person then acting as clerk. It is as follows : "Be it remembered, that before the trial of the case, the defendant objected to proceed to trial on the ground that the court was not legally organised. That the Clerk of the Court is *C. E. Joüett, Esq.*, who has not been in attendance, nor his deputy, as such, during the time of the presumed session of the court."

"And defendant objected to *M. R. Ariail, Esq.*, swearing the jurors who tried this case, and the witnesses, on the ground that *M. R. Ariail*, who was then acting as clerk, was not the Clerk of the Court; *Joüett,* the clerk, never having legally resigned his office ; and the court having no power to appoint a clerk until a vacancy occurred in the office of clerk. That *M. R. Ariail* could not have acted as clerk, (even if he had been legally appointed by the court,) because he was not commissioned by the Governor."

"But the court overruled the defendant's objections, and permitted the said *M. R. Ariail* to act as clerk, and to swear the jury and witnesses in this case for the following reasons, to wit:

"That on the 3d of May, 1857, the aforesaid *C. E. Joüett*, at that time the Clerk of the Court, addressed to the presiding Judge a letter tendering his resignation as clerk, to take effect from that day, which letter was handed to said Judge on the 4th of May, the day fixed by law for the session of the court, and on the same day the Judge, acting under the power and authority vested in him by the 79th Art. of the Constitution of the State, proceeded to fill the of-

fice by appointing *M. R. Ariail, Esq.* Clerk of said Court, for the remainder of the unexpired term of the said *C. E. Joüett*, resigned, as aforesaid, and the said *M. R. Ariail* having accepted the appointment, the oath of office was administered to him by said Judge, after which he entered upon the discharge of the duties of said office. And the said Judge hereto annexes copies of: 1st. The letter of *C. E. Joüett*, resigning his office. 2d. Appointment of *M. R. Ariail*, as clerk. 3d. Letter of same, accepting the appointment. 4th. Oath of office of *M. R. Ariail*, and bond, with approval of the Judge, the said copies to be taken as a part hereof. The said Judge further states and certifies to the Supreme Court, that the said *M. R. Ariail* was, at the time of said *C. E. Joüett's* aforesaid resignation, the Deputy Clerk of the Court, regularly appointed and qualified as such."

" To which opinion, ruling and action of the court, the defendant excepts and files this his bill of exceptions, to be signed according to law, which is done in open court, this 15th of May, A. D., 1857. ·

(Signed)        O. N. OGDEN, Judge."

We are of opinion, that a Clerk of the District Court can tender his resignation to the Judge of the District in one of the parishes of which such clerk exercises the duties of his office.

We are aware of no law which obliges him to send his resignation to the Governor.

It appears proper, that the resignation should be sent to the District Judge, inasmuch as Art. 79 of the Constitution of the State empowers the Judge of the court to fill any vacancy in the office of clerk of his court, that may occur subsequent to an election, and the person so appointed holds his office until the next general election.

There was then a vacancy the moment *Joüett* tendered his resignation to the District Judge.

We are acquainted with no law, which requires one appointed by the Judge, to fill the vacancy of a clerk who has resigned, to be commissioned by the Governor.

Perhaps, as a measure of precaution, evidence of the appointment should be transmitted to the Department of State.

The defendant also excepted to the refusal of the Judge to charge the jury, that the Act of 18th March, 1852, was repealed by the Act of 19th March, 1857.

The Act of 18th March, 1852, No. 326, and the Act of March 19, 1857, No. 187, are on the same subject matter; and sec. 5 of the Act of March 19, 1857, declares " That all laws contrary to the provisions of the Act, or on the same subject-matter, be and the same are hereby repealed."

The alleged offence of defendant was committed against a law which has been repealed, and this court is obliged to reverse the judgment.

We have recently, at Monroe, examined the question at large in the case of " The *State* v. the slave, *King*," in which we have given our reasons for a similar decision.

Vide also, the case of " The *State of Louisiana* v. *Cecilia Clay*, f. w. c.," decided in June last at New Orleans.

It is, therefore, ordered, adjudged and decreed, that the verdict of the jury and the judgment of the court thereon in this case, be avoided and reversed. It is further ordered, adjudged and decreed, that the prisoner and appellant, *Francis D. R. Morgan*, be discharged from custody.